**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                        Plaintiff,

- against -

PAUL DISERIO,

                        Defendant.

**OPINION AND ORDER**

12 Crim. 00418 (ER)

---

RAMOS, D.J.:

On January 25, 2013, Paul DiSerio pled guilty to conspiring to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). Dkt. Minute Entry for Jan. 25, 2013. He was sentenced to sixty months of imprisonment, followed by four years of supervised release. Dkt. Minute Entry for May 10, 2013. At the time, he had already been sentenced to five years imprisonment by Richmond County Supreme Court and had served fourteen months in state custody. Doc. 34 at 5.

The United States Sentencing Commission subsequently adopted Amendments 782 and 788 to the United States Sentencing Guidelines (the "Guidelines"), which both became effective on November 1, 2014. Amendment 782 lowered the base offense levels in the Drug Quantity Table by two levels for all drug types, and Amendment 788 authorizes the retroactive application of Amendment 782 to defendants sentenced before November 1, 2014.

On November 13, 2015, Deserio filed a motion for reduction of sentence from sixty months to forty-six months under 18 U.S.C. § 3582(c)(2), section 1B1.10(a)(1) of the U.S. Sentencing Guidelines and Amendment 782 to the U.S. Sentencing Guidelines. Doc. 38. This

Court denied the motion on December 1, 2015. Doc. 39. Before the Court is Deserio's April 29, 2016 motion for reconsideration of that decision. Doc. 40.

I. **LEGAL STANDARD**

Section 3582(c)(2) of Title 18 of the United States Code provides that

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In *Dillon v. United States*, the Court laid out a two-step inquiry for considering a sentence reduction. 560 U.S. 817, 827 (2010). First, the court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. In making this determination, "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Fed. Sentencing Guidelines § 1B1.10(b)(1). However, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A). There is one exception to this rule: if the original sentence was below the guidelines range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). "However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to 'reimpos[e] departures or variances imposed at the defendant's original sentencing hearing.'" *United States v. Feliz-Ramirez*, 110 F. Supp. 3d 495, 497 (S.D.N.Y. 2015) (quoting *United States v. Erskine*, 717 F.3d 131, 137 (2d Cir. 2013)).

If, after making this inquiry, the court finds that defendant is eligible for sentence reduction, the court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed"; "the kids of sentences available"; "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; "any pertinent policy statement"; "the need to avoid unwarranted sentencing disparities"; and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

**II. DISCUSSION**

DiSerio cites no grounds—nor can the Court identify any—for bringing a second motion under 18 U.S.C. § 3582(c)(2) on identical claims. The motion is therefore properly dismissed on procedural grounds alone. In any event, though the Court did not provide its reasoning, it did not err in its first denial of DiSerio's motion for reduction of sentence because DiSerio is not eligible for such a reduction.

At the time DiSerio was sentenced, the Court determined that the applicable guidelines range was 84-105 months of imprisonment. According to DiSerio, the Court chose to run the sentence concurrently with the New York State sentence and gave Deserio credit for 19.5 months already served. Doc. 38 at 1–2. Again at its discretion, the Court then gave defendant an additional 4.5 months of credit to arrive at a sentence of 60 months. *Id.*

DiSerio argues that after Amendment 782 was passed, the applicable guidelines range for his offense would have been 70-87 months. Doc. 38 at 3. This is lower than the guidelines range in effect at the time of sentencing but not lower than the sentence DiSerio ultimately received. "As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing." *Feliz-Ramirez*, 110 F. Supp. at 497. Any deviations from the guidelines at the 2013 sentencing were not due to a "a government motion to reflect the defendant's substantial assistance to authorities," but rather to exercises of discretion. Fed. Sentencing Guidelines § 1B1.10(b)(2)(B). Because the most the Court would be authorized to reduce DiSerio's sentence to is seventy months, which is greater than the sentence originally imposed, the Court is not authorized to further reduce DiSerio's sentence pursuant to Amendment 782. The Court therefore finds that DiSerio is ineligible for sentence reduction.[1]

### III. CONCLUSION

For the foregoing reasons, the Court DENIES DiSerio's second motion for a reduction of sentencing. The Clerk of Court is respectfully directed to terminate the motions, Docs. 38, 40.

SO ORDERED.

Dated: October 18, 2019
New York, New York

Edgardo Ramos, U.S.D.J.

---

[1] Upon finding that DiSerio is ineligible for a sentence reduction, the Court need not proceed to the second step of the *Dillon* analysis. *See* 560 U.S. at 827.